**FILED**

Jun 03 2021

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY          s/ franciscoh          DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
------------------------------------------------------------------------X

SUSAN C. SCHEURER and MARK M. SCHEURER, M.D.

Plaintiffs,

-against-

**COMPLAINT**

'21 CV 1053 BAS RBB

UNITED STATES OF AMERICA,

Defendant.

------------------------------------------------------------------------X

Plaintiffs, SUSAN C. SCHEURER and MARK M. SCHEURER, M.D.,

complaining of the defendant, UNITED STATES OF AMERICA, respectfully allege as follows:

## AS AND FOR A FIRST CAUSE OF ACTION

1.   This medical malpractice action arises under the Federal Tort Claims Act, 28

U.S.C. §§ 1346(b), 2671, et seq.   On March 12, 2019, administrative claims were filed with the

Department of the Navy, an agency of the United States of America.   On February 6, 2020, said

claims were denied by the Department of the Navy.   On August 5, 2020, a request for

reconsideration of the denial of the administrative claims was filed with the Department of the

Navy.   On December 4, 2020, after reconsideration, the Department of the Navy issued a final

denial of the administrative claims of the plaintiffs herein.

2.   Plaintiffs, SUSAN C. SCHEURER and MARK M. SCHEURER, M.D., her

husband, reside in San Diego County at 707 1st Street, Coronado, CA 92118.

3.   Naval Medical Center San Diego, and all of its other locations, including Naval

Air Station North Island, its Clinics and agents, partners, servants, employees and/or associates

1

were, at all times relevant herein, and still are, owned, operated, managed and under the exclusive control of the Department of the Navy, an agency of the defendant, UNITED STATES OF AMERICA.

4.   During the period from July 16, 2010 through November 30, 2017, SUSAN C. SCHEURER was under the exclusive medical care and treatment of agents, servants, partners, employees and/or associates of the defendant, UNITED STATES OF AMERICA, at the Naval Medical Center San Diego, and its other locations and Clinics, including Naval Air Station North Island.

5.   Defendant, UNITED STATES OF AMERICA, through its agents, servants, partners, employees and/or associates, was expected to render standard, proper and careful medical care and treatment, in accordance with good and accepted medical practices, methods, standards and procedures.

6.   The California Breast Density Notification Law (Senate Bill No. 1538) took effect on April 1, 2013.   When breast tissue is determined by a radiologist to be "extremely dense," the above law requires that the following language be included in the lay letter sent to patients notifying them of their mammogram results:   "Your mammogram shows that your breast tissue is dense.   Dense breast tissue is common and is not abnormal.   However, dense breast tissue can make it harder to evaluate the results of your mammogram and may also be associated with an increased risk of breast cancer.   This information about the results of your mammogram is given to you to raise your awareness and to inform your conversations with your doctor. Together, you can decide which screening options are right for you.   A report of your results was sent to your physician."

7.   Bilateral routine screening mammograms were performed on SUSAN C.

2

SCHEURER by the Navy on 7/23/2013, 10/30/2014, 11/5/2015 and 5/22/2017.   Each of these mammograms was ordered by a doctor from "family medicine" in the Clinic and performed at NMC San Diego.   In each of the radiology reports, sent to the ordering doctor for each of the above mammograms, the Navy radiologists described SUSAN C. SCHEURER'S breast tissue as "extremely dense."   A lay letter was also provided to SUSAN C. SCHEURER after each of these mammograms.   The lay letters did not include the required language set forth above and made no mention of the fact that she has dense breast tissue.   These were departures from good and accepted medical practice.

8.   The Navy radiologists negligently failed to indicate in their radiology reports that other supplemental testing modalities (e.g., tomosynthesis, ultrasound, or MRI) were indicated in this patient.   In the radiology reports from the studies performed on 11/5/2015 and 5/22/2017, the radiologists mention tomosynthesis, but negligently failed to make a recommendation for more or different supplemental screening modalities at that time.

9.   The Navy family medicine clinic doctors who ordered the bilateral routine screening mammograms which were performed on SUSAN C. SCHEURER on 7/23/2013, 10/30/2014, 11/5/2015 and 5/22/2017 were negligent in that they failed to appropriately perform a breast examination and/or order other supplemental screening or testing modalities (e.g., tomosynthesis, ultrasound, or MRI) in light of the extremely dense breast tissue described in the radiology reports as well as the patient's primary family history of breast cancer and her personal medical history of breast surgery.

10.   The departures discussed above were the proximate cause of a delay in the diagnosis and treatment of SUSAN C. SCHEURER'S breast cancer.   During this substantial delay, the breast cancer was allowed to progress, grow in size, and spread.   By September of

3

2017, the time that her cancer was diagnosed, it had progressed, grown in size, spread to her axillary lymphatic system, and was considered to be Stage 2B.

11.   As a consequence of the progression, growth and spread of the breast cancer, SUSAN C. SCHEURER underwent a right mastectomy and a second surgery at NMC San Diego and adjuvant treatment at UC San Diego Health.

12.   All of the injuries described herein are claimed to have been proximately caused by the departures from good and accepted medical practices and negligence of agents, servants, partners, employees and/or associates of the Department of the Navy, an agency of the defendant, UNITED STATES OF AMERICA, without the plaintiffs being contributorily negligent thereto.

13.   By reason of the above premises, plaintiff, SUSAN C. SCHEURER, was caused to suffer severe and irreparable personal injuries and damages, including hospitalizations, extensive medical testing and imaging, extensive scarring and disfigurement, partial loss of vision secondary to adjuvant therapy, psychological and/or emotional injuries, medical and other expenses, and substantial pain and suffering and loss of enjoyment of life, which were otherwise avoidable by the exercise of due and reasonable care, and as such, plaintiff, SUSAN C. SCHEURER, specifically sets forth a substantial cause of action for damages in the amount of Four Million Dollars ($4,000,000.00).

## AS AND FOR A SECOND CAUSE OF ACTION

14.   Plaintiffs repeat, reiterate and reallege each and every allegation set forth in the First Cause of Action as if set forth in full herein.

15.   That at no time was the plaintiff, SUSAN C. SCHEURER, ever advised,

4

either orally or in writing, of the possible risks and dangers nor the possibility of permanent

damage to her body with regard to the breast imaging plan of care for adequate and appropriate

breast cancer surveillance and, otherwise, the care being rendered to her, nor was she ever advised

that she may suffer severe and/or permanent personal injuries and damages, and had the defendant

or any of its agents, servants, employees, partners and/or associates informed or advised the

plaintiff of the possible risks involved, the plaintiff would not have been lulled into a false sense of

security and would not have consented to the treatment rendered to her, all of which resulted in

damage to the plaintiff herein.

13.   That by reason of the above premises, the medical care and treatment rendered

and afforded to the plaintiff, SUSAN C. SCHEURER, including the breast imaging plan of care

for adequate and appropriate breast cancer surveillance, was without first obtaining an informed

consent and, as such, the plaintiff has been damaged in the amount and manner aforesaid, and sets

forth a substantial cause of action in the amount of Four Million Dollars ($4,000,000.00).

## AS AND FOR A THIRD CAUSE OF ACTION

14.   The plaintiffs repeat, reiterate and reallege each and every allegation set forth

in the First Two Causes of Action as if set forth in full herein.

15.   At all times hereinafter mentioned, the plaintiffs, SUSAN C. SCHEURER and

MARK M. SCHEURER, M.D., were husband and wife.

16.   MARK M. SCHEURER, M.D. hereby sets forth a claim for loss of services,

loss of consortium, and medical and other costs and expenses.   As a result of the negligence of the

defendant which has caused his wife's injuries described above, MARK M. SCHEURER, M.D.,

has been deprived of the society and companionship of his wife.   SUSAN C. SCHEURER has

been hospitalized during her care and treatment for breast cancer and has spent many days and weeks recuperating at home.   She has been unable to provide the customary household services that she did before these events occurred.

17.   By reason of the foregoing, MARK M. SCHEURER, M.D., individually, has been damaged and sets forth a substantial cause of action in the amount of One Million Dollars ($1,000,000.00).

WHEREFORE, the plaintiffs demand judgment of the defendant, UNITED STATES OF AMERICA, in the First Three Causes of Action in the total amount of Five Million Dollars ($5,000,000.00).

Dated:   Coronado, California
        June   , 2021


SUSAN C. SCHEURER


MARK M. SCHEURER, M.D.
707 1st Street
Coronado, CA 92118
(619) 318-4898
Dr.Scheurer@coronadoent.com