UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN C. SCHEURER and MARK M. SCHEURER, M.D.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No.: 21cv1053-LL(RBB)<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO REOPEN FACT DISCOVERY PURSUANT TO FED. R. CIV. P. 6(b)(1)(B) [ECF NO. 17]** |

Presently before the Court is Plaintiffs' Motion to Reopen Fact Discovery Pursuant to Fed. R. Civ. P. 6(b)(1)(B) [ECF No. 17]. The motion, filed on October 3, 2022, seeks an order extending the fact discovery deadline for a period of ninety days to permit Plaintiffs to take depositions of ten Navy doctors who treated Plaintiff Susan C. Scheurer. (Id. at 1.) For the reasons set forth below, Plaintiffs' Motion is **DENIED**.

**I.   BACKGROUND**

Plaintiffs initiated this lawsuit on June 3, 2021 [ECF No. 1]. On August 24, 2021, Plaintiffs' counsel, David L. Bruckart, filed a Pro Hac Vice Application to allow him to appear in this Court and participate in the litigation of this case [ECF No. 3]. Attorney Bruckart designated Norman M. Finkelstein as associate local counsel, and attorney Finkelstein consented to the designation. (Id.)

1    Plaintiff Susan C. Scheurer alleges medical malpractice under the Federal Tort Claims Act for the delay by doctors at the Naval Medical Center San Diego, operated by Defendant United States of America, in diagnosing her breast cancer. (Compl. 1-4, ECF No. 1.) Specifically, Plaintiffs contend that bilateral routine screening mammograms conducted by the Navy on July 23, 2013, October 30, 2014, November 5, 2015, and May 22, 2017, were insufficient cancer screening mechanisms given Ms. Scheurer's extremely dense breast tissue, primary family history of breast cancer, and prior breast surgery. (Id. at 2-3.) According to the Complaint, the failure to order supplemental screening or testing modalities caused a delay in the diagnosis and treatment of Plaintiff's breast cancer. (Id. at 3.) Ms. Scheurer was diagnosed with stage 2B breast cancer in September 2017, for which she underwent a right mastectomy and chemotherapy. (Id. at 3-4; Pls.' Mot. Attach. #1 Bruckart Decl. 2, ECF No. 17.) In September 2021, Plaintiff suffered a recurrence of her breast cancer, which was diagnosed as stage four with metastatic disease. (Pls.' Mot. Attach. #1 Bruckart Decl. 2, ECF No. 17.) Plaintiff Mark M. Scheurer, M.D., Ms. Scheurer's husband, asserts a loss of consortium claim. (Compl. 5-6, ECF No. 1.)

An Early Neutral Evaluation Conference, requiring the participation of the Plaintiffs, was scheduled for December 2, 2021 [ECF No. 7]. The conference did not go forward on that date because the Plaintiffs did not appear [ECF No. 8]. The Early Neutral Evaluation Conference and Case Management Conference were continued to January 20, 2022; on that date, both conferences went forward [ECF No. 11]. On the same date, this Court issued a Scheduling Order Regulating Discovery and Other Pretrial Proceedings [ECF No. 12]. The scheduling order required all fact discovery to be completed by July 22, 2022, and all expert discovery to be completed by November 25, 2022. (Id. at 2, 3.) No discovery was taken by Plaintiffs during the six-month period provided for fact discovery. (Def.'s Opp'n 1-2, ECF No. 18.) Defendant propounded interrogatories and document requests upon Ms. Scheurer, and both Plaintiffs sat for their depositions on July 20, 2022. (Pls.' Mot. Attach. #2 Mem. P. & A. 4, ECF No. 17.)

  On August 19, 2022, four weeks after expiration of the <u>fact</u> discovery deadline, the parties filed a Joint Motion to Modify Scheduling Order [ECF #12]. (Joint Mot., ECF No. 13.) In this Joint Motion, the parties requested "an order extending by 60 days all <u>upcoming</u> discovery-related and pretrial motion deadlines set out in the Court's scheduling order [ECF #12]." (Joint Mot. 1, ECF No. 13.) Notably, the only deadlines identified in the joint motion begin with the August 19, 2022 deadline to serve initial expert disclosures. (<u>Id.</u> at 2.) There was no mention of the already-expired fact discovery deadline. The joint motion concludes: "The parties request that all other terms of the Scheduling Order remain unchanged." (<u>Id.</u>) The Joint Motion was granted on August 23, 2022 [ECF No. 15]. As a result, the expert discovery deadline was continued to January 25, 2023. (<u>Id.</u>)

  On August 22, 2022, Plaintiffs' counsel, Mr. Bruckart, contacted the Court to request a hearing date for a motion to reopen fact discovery. The Court provided a hearing date of September 22, 2022. The motion was not filed within 24 hours as required by the Court's Chambers Rules. (<u>See</u> Honorable Ruben B. Brooks, U.S. Magistrate Judge, Chambers Rules.) On August 26, 2022, attorney Bruckart called the Court again to advise that he was ready to file his motion and inquired if a new hearing date was needed. Because the previously issued hearing date of September 22, 2022, no longer allowed for briefing to be completed pursuant to the 28-day rule set forth in the Court's Civil Local Rules, (<u>see</u> S.D. Cal. Civ. R. 7.1(e)(1)), and despite Plaintiffs' failure to comply with the Court's 24-hour motion filing requirement, the Court provided a new hearing date of October 5, 2022. Again, the motion was not filed. A month later, on September 23, 2022, Mr. Bruckart informed the Court that "the motion to reopen fact discovery is now ready to be filed" and requested a hearing date convenient to the Court. This Court issued an Order Setting Briefing Schedule on Plaintiffs' Motion to Reopen Discovery and Directing Plaintiffs to Address Timeliness and Diligence on September 26, 2022. (Order 1, Sept. 26, 2022, ECF No. 16.)

| | |
|---|---|
| 1 | On October 3, 2022, more than six weeks after the filing of the August 19, 2022 |
| 2 | Joint Motion to Modify the Scheduling Order, Plaintiffs filed their Motion to Reopen |
| 3 | Fact Discovery Pursuant to Fed. R. Civ. P. (6)(1)(B) [ECF No. 17]. They seek to reopen |
| 4 | fact discovery for a period of ninety days to depose ten Navy physicians who participated |
| 5 | in Ms. Scheurer's pre-diagnosis breast cancer surveillance. (Pls.' Mot. Attach. #1 |
| 6 | Bruckart Decl. 4-5, ECF No. 17.) Defendant filed an opposition on October 17, 2022 |
| 7 | [ECF No. 18]. There, the Defendant observes that "all ten of the medical providers who |
| 8 | Plaintiffs now seek to depose were identified in records documenting Ms. Scheurer's care |
| 9 | <u>prior</u> to her diagnosis, and Plaintiffs have cited no difficulty in securing these records in |
| 10 | advance of, or during, the discovery phase." (Def.'s Opp'n 2, ECF No. 18.) Plaintiffs |
| 11 | filed a reply on October 24, 2022 [ECF No. 21]. In their Reply, Plaintiffs state that in |
| 12 | September of 2017, Ms. Scheurer was first diagnosed with breast cancer; four years later, |
| 13 | the cancer recurred and progressed to stage 4 with distant metastasis. (Pls.' Reply 1-2, |
| 14 | ECF No. 21.) They continue: "[N]o medical records <u>documenting any of the significant</u> |
| 15 | <u>changes</u> to the medical condition of the plaintiff Susan C. Scheurer were provided to |
| 16 | counsel until June 3, 2022." (<u>Id.</u> at 2.) According to Plaintiffs, "plaintiff Mark M. |
| 17 | Scheurer, M.D.[,] provided counsel with sixteen pages of records from James M. |
| 18 | Waisman, M.D., an oncologist . . . which covered two televideo conferences with Susan |
| 19 | C. Scheurer [on] December 17, 2021[,] and March 23, 2022[]." (<u>Id.</u>) Yet, counsel |
| 20 | apparently had access to medical records and refers to mammograms that were taken on |
| 21 | July 23, 2013, October 30, 2014, November 5, 2015, and May 22, 2017. (<u>Id.</u> at 2-3.) |
| 22 | Counsel identifies the family practice clinic doctors who ordered the mammograms, the |
| 23 | radiologists who read the images and authored the reports, and the attending radiologists |
| 24 | who approved the reports. (<u>Id.</u> at 3.) Finally, Plaintiffs identify the doctors who (1) |
| 25 | ordered the May 21, 2017 ultrasound of Susan Scheurer's right breast, which confirmed a |
| 26 | breast cancer diagnosis, and (2) the radiologist who interpreted the images and approved |
| 27 | that report. (<u>Id.</u>) |
| 28 | / / / |

In this context, the Court considers the Plaintiffs' Motion to Reopen Fact Discovery.

## II.   LEGAL STANDARDS

Under Rule 16 of the Federal Rules of Civil Procedure, the Court "must issue the scheduling order as soon as practicable." Fed. R. Civ. P. 16(b)(2). The scheduling order is required to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Id. R. 16(b)(3)(A). The schedule may be modified only for good cause and with the judge's consent. Id. R. 16(b)(4). The good cause standard under Rule 16(b) "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Id.; see also C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist., 654 F.3d 975, 984 (9th Cir. 2011). "Deadlines are not options." See J.K.G. v. County of San Diego, Civil No. 11cv0305 JLS(RBB), 2012 U.S. Dist. LEXIS 126195, at *4 (S.D. Cal. Sept. 5, 2012). "Allowing parties to disregard the instructions of a scheduling order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and cavalier. Rule 16 was drafted to prevent this situation." Sokol Holdings, Inc. v. BMB Munai, Inc., 05 cv 3749 (KMW)(DCF), 2009 U.S. Dist. LEXIS 100478, at *17 (S.D.N.Y. Oct. 28, 2009) (citation and internal quotations omitted).

The standard for amending a scheduling order was described in Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080 (9th Cir. 2002). "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Id. at 1087 (quoting Johnson, 975 F.2d at 609). "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." Id. (quoting Johnson, 975 F.2d at 609). Parties must therefore "diligently attempt to adhere

/ / /

to [the] schedule throughout the . . . course of the litigation." Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999).

### III. DISCUSSION

As an initial matter, Plaintiffs' motion ignores the "good cause" standard under Rule 16(b) and instead focuses on "excusable neglect" under Rule 6(b)(1)(B). Under Rule 6, when a motion to extend time is made after the time has expired, the Court may extend time "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Plaintiffs contend that their failure to request an extension of time to complete fact discovery before the July 22, 2022 deadline was due to "excusable neglect." (Pls.' Mot. Attach. #2 Mem. P. & A. 2, ECF No. 17.) They provide four reasons to support their argument: (1) the advancement of Ms. Scheurer's medical condition from stage 2B breast cancer (in September 2017) to stage four metastatic cancer (in September 2021); (2) Plaintiffs' counsel's delayed receipt, on June 3, 2022, of medical records covering the period from December 17, 2021, to March 23, 2022; (3) a "breakdown in attorney/client communications" since the summer of 2021 when Dr. Scheurer informed Mr. Bruckart that he would no longer communicate by telephone, leading to "less effective and sometimes discordant [communications] resulting in misunderstandings, particularly with regard to medical records and other requests for information"; and (4) the birth of counsel's first grandchild on July 9, 2022, and visit from his daughter from Copenhagen, Denmark from July 22, 2022, to August 12, 2022. (Id. at 2-3.)

Even if Plaintiffs could establish excusable neglect under Rule 6(b)(1)(B) for failing to seek an extension of the fact discovery period until after the July 22, 2022 deadline had expired, this would be an insufficient basis on which to extend the fact discovery deadline set by the scheduling order. As established by the authorities discussed above, Rule 16(b) provides that the schedule may be modified only for good cause, (see Fed. R. Civ. P. 16(b)(4)), and the good cause standard is primarily concerned with the diligence of the parking seeking amendment of the schedule. See Johnson, 975 F.2d at 609. Only if the moving party demonstrates that it could not reasonably meet the

deadlines in the scheduling order despite its diligence can the schedule be modified. See id.

Here, Plaintiffs were not diligent in taking discovery during the six-month period allotted for fact discovery, from the issuance of the scheduling order on January 20, 2022, to the fact discovery deadline of July 22, 2022. Indeed, Defendants state that Plaintiffs did not take any discovery at all during this period, (Def.'s Opp'n 1-2, ECF No. 18), and Plaintiffs do not counter this assertion. In an apparent attempt to justify their failure to conduct any discovery, their counsel claims, without citation to authority, that the "order of depositions in a medical malpractice action is plaintiff/patient first and then the defendant/doctor(s)." (Pls.'s Mot. Attach. #1 Bruckart Decl. 3, ECF No. 17.) In response, Defendant states that it "did not make any such demand on Plaintiffs, and the order of scheduling depositions was never a subject of any meet and confer discussions with counsel." (Def.'s Opp'n 2 n.1, ECF No. 18.) The Court finds that Plaintiffs' counsel's belief regarding the order of depositions does not satisfactorily explain why Plaintiffs failed to proceed with any fact discovery, including the depositions they now seek, during the period set forth in the scheduling order.

The Court has evaluated the four reasons provided by Plaintiffs to demonstrate excusable neglect to determine if they support a showing of diligence in obtaining fact discovery during the period set by the Court. They do not. Ms. Scheurer's advancement to stage four breast cancer (reason one) occurred in September 2021, before the scheduling order was issued, and there is no explanation of how this impacted Plaintiffs' ability to take the ten Navy doctor depositions they presently seek during the fact discovery period from January 20, 2022, to July 22, 2022. Similarly, the claimed delay in Plaintiffs' counsel's receipt of updated medical records (reason two), relates to records dated after the period for which Plaintiffs presently seek discovery; that is, prior to her September 2017 cancer diagnosis. Therefore, this does not provide any justification for Plaintiffs' failure to timely take depositions from Ms. Scheurer's treating doctors regarding her medical care preceding her diagnosis. The "breakdown in communications"

between Plaintiffs and their counsel (reason three) has apparently existed since the summer of 2021, before the issuance of the scheduling order, and does not excuse their delay in taking the depositions they presently seek.[1] Finally, Plaintiffs had six months between January 20, 2022, and July 22, 2022, to take fact discovery. The birth of counsel's grandchild on July 9, 2022 (reason four), toward the end of the fact discovery period, would not have hindered diligent counsel from taking necessary depositions.

Plaintiffs offer no counter to Defendant's assessment that "all ten of the medical providers who Plaintiffs now seek to depose were identified in records documenting Ms. Scheurer's care prior to her diagnosis [in September 2017], and Plaintiffs have cited no difficulty in securing these records in advance of, or during, the discovery phase." (See Def.'s Opp'n 2, ECF No. 18.) Plaintiffs' complaint and moving papers reflect that they have access to the records and mammogram reports identifying the medical practitioners whom they presently wish to depose. (See Compl. 2-3, ECF No. 1 (referring and citing to mammograms taken on July 23, 2013, October 30, 2014, November 5, 2015, and May 22, 2017, and their associated radiology reports); see also Pls.' Mot. Attach. #1 Bruckart Decl. 4-5, ECF No. 17 (listing names of ten doctors sought to be deposed regarding their participation in Ms. Scheurer's breast cancer surveillance on July 23, 2013, October 30, 2014, November 5, 2015, and May 22, 2017).) Their reply brief further substantiates that Plaintiffs have access to medical records and mammograms taken on July 23, 2013, October 30, 2014, November 5, 2015, and May 22, 2017, including the names of each of the doctors who ordered the studies, interpreted the images, and approved the reports. (See Pls.' Reply 3, ECF No. 21.) Plaintiffs provide no indication that they did not have access to these records in advance of and during the fact discovery period. There is no discernable reason that Plaintiffs could not have taken the ten Navy doctor depositions they presently seek, relating to Ms. Scheurer's pre-September 2017 medical treatment,

---

[1] The Court expects Plaintiffs and their counsel to resolve any communication issues that may be impeding their ability to timely and efficiently litigate this matter.

during the fact discovery period set forth in the scheduling order. Their failure to do so demonstrates a lack of diligence.

Moreover, not only did Plaintiffs fail to act with diligence in taking discovery during the fact discovery period, but they also lacked diligence in pursuing their motion to modify the scheduling order to reopen fact discovery. As detailed above, Plaintiffs' counsel, Mr. Bruckart, waited until August 22, 2022, a month after the expiration of the fact discovery deadline on July 22, 2022, to first request a hearing date for a motion to reopen fact discovery. He received a hearing date from the Court but failed to file his motion. On August 26, 2022, he contacted the Court to inquire if a new hearing date was needed. The Court again provided a hearing date, but Mr. Bruckart again failed to file his motion. A month later, on September 23, 2022, attorney Bruckart advised the Court that he was ready to file his motion and requested a new hearing date. He finally filed the motion on October 3, 2022, in accordance with the briefing order issued by the Court on September 26, 2022. (Order 1, Sept. 26, 2022, ECF No. 16.) This chronology demonstrates that Plaintiffs were not diligent in filing the current motion, and it does not comport with Rule 16's good cause standard, which was intended to prevent "reward[ing] the indolent and cavalier." See Sokol Holdings, 2009 U.S. Dist. LEXIS 100478, at *17; see also Jackson, 186 F.R.D. at 609 ("Plaintiff fails to show diligence in filing her motion to amend and having it heard."); Sharp v. Covenant Care LLC, 288 F.R.D. 465, 468 (S.D. Cal. 2012) (finding that defendants were not diligent in seeking a modification of the schedule once they determined that they could not comply with the scheduling order).

Finally, the Court notes that Plaintiffs' counsel, attorney Bruckart, has had access to his chosen local counsel, attorney Finkelstein, since the early stages of this case, but appears to have not sought his assistance until the preparation of the current motion. (See Pls.' Mot. Attach. #1 Bruckart Decl. 6, ECF No. 17.) This also reflects a failure to proceed with diligence.

If a party seeking to modify the schedule "was not diligent, the inquiry should end" and the motion to modify should not be granted. Johnson, 975 F.2d at 609. Here,

Plaintiffs' failure to proceed with the ten Navy doctor depositions they presently seek during the fact discovery period shows a lack of diligence, as does their delay in filing the current motion and their attorney's failure to consult with local counsel. Accordingly, their Motion to Reopen Fact Discovery [ECF No. 17] is **DENIED**.

### IV.   CONCLUSION

"A scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" Johnson, 975 F.2d at 610 (quoting Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Maine 1985)). For the reasons set forth above, Plaintiff's Motion to Reopen Fact Discovery [ECF No. 17] is **DENIED**.

**IT IS SO ORDERED**.

Dated:  November 10, 2022

Hon. Ruben B. Brooks
United States Magistrate Judge