UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN C. SCHEURER and MARK M. SCHEURER,<br><br>                              Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>                              Defendant. | Case No.: 3:21-cv-01053-LL-AHG<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFFS' MOTION TO PROCEED PRO SE,**<br><br>**(2) GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO AMEND SCHEDULING ORDER,**<br><br>**(3) GRANTING PLAINTIFFS' MOTION TO CONTINUE PRETRIAL MOTION DEADLINES,**<br><br>**(4) DENYING AS MOOT JOINT MOTION TO CONTINUE MANDATORY SETTLEMENT CONFERENCE, and**<br><br>**(4) ISSUING AMENDED SCHEDULING ORDER**<br><br>**[ECF Nos. 28, 32]** |

Before the Court is Plaintiff Susan C. Scheurer and Plaintiff Mark M. Scheurer's (collectively, "Plaintiffs") *pro se* and *ex parte* motion. ECF No. 28. Plaintiffs, writing without counsel, seek an order from the Court: (1) substituting themselves as *pro se* litigants in place of their attorneys of record, (2) extending scheduling order deadlines, and (3) continuing summary judgment briefing deadlines. *Id*. Defendant filed an opposition to Plaintiffs' motion. ECF No. 30. Plaintiffs' estranged counsel also filed a response to the motion. ECF No. 31. The Court finds the matter suitable for determination on the papers without oral argument. CivLR 7.1(d)(1).

## I.  PLAINTIFFS' REQUEST TO PROCEED PRO SE

Plaintiffs request to substitute themselves, *pro se*, for their counsel of record. ECF No. 28 at 7. Defendant, as well as Plaintiffs' attorney of record, have represented to the Court that they have no objection to Plaintiffs' request. ECF No. 30 at 2; ECF No. 31 at 1. As such, good cause appearing, Plaintiffs' request is **GRANTED**. *See, e.g.*, *J&J Sports Prods. v. Phounsiri*, No. 16cv1021-LAB-NLS, 2017 U.S. Dist. LEXIS 190815, at *1 (S.D. Cal. Nov. 17, 2017) (granting defendant's *ex parte* motion to substitute herself, *pro se*, in place of her counsel, and reminding the defendant that *pro se* litigants must follow the same procedural rules of that govern other litigants).

## II.  PLAINTIFFS' REQUEST TO AMEND SCHEDULE

Plaintiffs seek to continue:

1) the fact discovery deadline from July 22, 2022, to April 21, 2023;
2) the expert designation deadline from October 19, 2022, to May 22, 2023;
3) the rebuttal expert designation deadline from November 2, 2022, to June 26, 2023;
4) the expert disclosure deadlines from November 30, 2022, to May 22, 2023;
5) the rebuttal expert disclosure deadline from December 30, 2022, to June 26, 2023;
6) the expert discovery deadline from January 25, 2023, to July 24, 2023; and
7) the deadline to file pretrial motions from February 23, 2023, to August 28, 2023.

ECF No. 28 at 9; *see* ECF No. 15 at 2. Plaintiffs contend that extensions of all discovery deadlines are necessary for Plaintiffs' claims to be considered on the merits, because Plaintiffs were abandoned[1] by their attorneys. ECF No. 28 at 4–7. Defendant opposes Plaintiffs' requests, arguing that Plaintiffs have not shown good cause to continue any of the deadlines. ECF No. 30 at 4–8.

### A.  Background

Fact discovery closed on July 22, 2022. ECF No. 15. On October 3, 2022, Plaintiffs' attorney filed a motion to reopen fact discovery, requesting an extension to depose the ten Navy doctors who treated Mrs. Scheurer. ECF No. 17. In that motion, Plaintiffs' attorney contended he missed the July 22, 2022, fact discovery cutoff as a result of excusable neglect, due to his daughter giving birth to his first grandchild and his other daughter visiting from Denmark, as well as a breakdown in attorney-client communications, due to Plaintiff refusing to communicate by telephone. ECF No. 17-1 at 2–4. On November 14, 2022, the Honorable Ruben B. Brooks[2] denied the motion, finding that Plaintiffs had not been diligent. ECF No. 22. Plaintiffs allege that, after learning that the motion to reopen fact discovery had been denied, they sent emails to their attorney on December 6, December 29, January 1, and January 20, seeking an update about the case and received no response. ECF No. 28 at 5–6.

On January 25, 2023, well after the November 30, 2022, expert disclosure deadline had passed, Plaintiffs' counsel sent two expert reports, from radiologist Lawrence Milner and an economist, to Defendant's counsel. ECF No. 26-1 at 4; ECF No. 30-1 at 3. On January 30, 2023, Plaintiffs' counsel sent an expert report from oncologist Amy Tiersten

---

[1] The Court notes that, while Plaintiffs' former counsel acknowledged "strained communications that created an irreparable breakdown of the attorney-client relationship[,]" he "disagrees with the narrative statements and accusations made in" the instant motion. ECF No. 31 at 2.

[2] On January 6, 2023, this case was transferred to the undersigned. ECF No. 24.

to Defendant's counsel. *Id*. On February 1, 2022, Plaintiffs received copies of Dr. Milner's and Dr. Tiersten's expert reports from their attorney. ECF No. 28 at 6. On February 7, 2023, Defendant filed a motion for summary judgment, arguing that, due to their untimely expert disclosures, Plaintiffs had not established two elements of their medical malpractice claims. ECF No. 26-1 at 2. Plaintiffs have since attempted to retain new counsel, who indicated that any decision to take the case would depend on obtaining an extension of the case management deadlines and summary judgment briefing schedule. ECF No. 28 at 7.

### B.     Parties' Positions

Plaintiffs argue that good cause exists to modify the scheduling order because of the gross negligence of, and abandonment by, their attorneys of record. ECF No. 28 at 8. Plaintiffs contend that, although their counsel has not been diligent, Plaintiffs have been diligent, illustrated by their frequent contacting of their attorneys, their search for replacement counsel, and the filing of the instant motion before the deadline to oppose Defendant's summary judgment motion had passed. ECF No. 28 at 9. Plaintiffs argue that additional fact discovery and expert discovery is necessary for their claims to be considered on the merits. *Id*.

Defendant contends that the diligence required for a finding of good cause to modify the scheduling order has not been shown, arguing that attorney carelessness should be attributed to the client unless the attorney exhibited extreme negligence in abandoning the case. ECF No. 30 at 3–4. Defendant contends that Plaintiffs' counsel did not abandon the case, listing examples of Plaintiffs' counsel actively representing their clients from July 15, 2022, to October 19, 2022. *Id*. at 5 (serving discovery responses, attending depositions, filing requests to modify the scheduling order, and negotiating with Defendant regarding the expert designation deadline). Defendant also argues that Plaintiffs' communications with counsel from October 30, 2022, to November 20, 2022, demonstrate that their counsel had not abandoned the case. *Id*. at 6–7. Though Defendant does not include any examples of Plaintiffs' counsel "actively involved in litigating his clients'

case" after November 20, 2022—the time period Plaintiffs focus on in the instant motion—Defendant argues that any abandonment at that time is immaterial to the instant motion; since the expert disclosure deadline lapsed on November 30, 2022, any abandonment or extreme negligence after that date is not the cause of the missed deadline. ECF No. 30 at 7.

### C.     Legal Standard

A party seeking to continue deadlines in the scheduling order must demonstrate good cause. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); ECF No. 12 at 7 (Scheduling Order, stating that "[t]he dates set forth herein will not be modified except for good cause shown"); *see also* Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request").

Courts have broad discretion in determining whether there is good cause to modify a scheduling order. *See, e.g.*, *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2022). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end."). Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Merck v. Swift Transp. Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018); *see also Johnson*, 975 F.2d at 609 ("carelessness is not compatible with a finding of diligence").

"The preference for deciding cases on the merits does not grant litigants a license to ignore or disregard discovery deadlines." *Liguori v. Hansen*, No. 2:11cv492-GMN-CWH, 2012 WL 760747, at *7 (D. Nev. Mar. 6, 2012) (citing *Johnson*, 975 F.2d at 610). "[C]ourts can re-open discovery and extend pre-trial deadlines to ameliorate prejudice. [] They are not, however, required to do so." *Full Tilt Boogie v. Fortune*, No. 19cv9090-ODW-KESx, 2021 WL 3261638, at *8 (C.D. Cal. May 24, 2021) (internal citation omitted).

In determining whether a party has been diligent, a client is ordinarily chargeable with his counsel's negligent acts—e.g., missing deadlines. "Because the client is presumed

to have voluntarily chosen the lawyer as his representative and agent, he ordinarily cannot later avoid accountability for negligent acts or omissions of his counsel … [which are] too often a normal part of representation[.]" *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002). However, where the attorney engages in gross negligence, the actions—e.g., lack of diligence—are not attributable to the client. *Id*. at 1169; *see Matrix Motor Co. v. Toyota Jidosha Kabushiki Kaisha*, 218 F.R.D. 667, 674 (C.D. Cal. 2003) (if a party "has shown that its lawyers were guilty of gross negligence or abandonment, then [] a finding of extraordinary circumstances or good cause, justifying a modification of the scheduling order, would be warranted").

### D. Discussion

The Court considers Plaintiffs' diligence during two time periods: fact discovery and expert discovery. The Court will assess whether Plaintiffs themselves demonstrated diligence and whether any failures committed by their attorneys are attributable to Plaintiffs. *Perez v. Ryan*, No. 19-5602-PHX-MTL-JFM, 2021 U.S. Dist. LEXIS 7691, at *2–*3 (D. Ariz. Jan. 12, 2021).

#### 1. *Fact Discovery*

Fact discovery closed on July 22, 2022. ECF No. 15. Though Plaintiffs and their counsel had a breakdown in communications in the summer of 2021 due to Plaintiffs' refusal to communicate via telephone (*see* ECF Nos. 17, 22), there is no specific information before the Court that Plaintiffs themselves were not diligent during the fact discovery period. The question, then, is whether any failures committed by their attorney are attributable to Plaintiffs.

Plaintiffs have not presented information to the Court regarding their attorneys' extreme negligence or abandonment during this period, other than noting that he "missed deadlines as a result of excusable neglect." ECF No. 28 at 4. Defendant, however, presented information to the Court to show that Plaintiffs' attorney had not abandoned them at that time, since he had served discovery responses and attended depositions before the fact discovery period closed. ECF No. 30-1 at 2. Further, Plaintiffs' motion to reopen fact

discovery was already denied by Judge Brooks (*see* ECF Nos. 17, 22), and Plaintiffs have not provided any additional information for this Court to reconsider the prior ruling. *See cf. United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) ("a motion for reconsideration is not a vehicle to reargue the [original] motion"); CivLR 7.1(i)(1) (stating that the party seeking reconsideration must present "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application").

Since Plaintiffs have not persuaded the Court that any extreme negligence or abandonment occurred during the fact discovery period, the negligence of their attorney is chargeable to Plaintiffs. *See Matrix Motor Co.*, 218 F.R.D. at 674 (if plaintiffs have shown "ordinary negligence on the part of [their] attorneys, then [they] must be held accountable for [their] lawyers' lack of diligence"). As such, Plaintiffs' request to extend the fact discovery deadline is **DENIED**.³ *See Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006) ("district courts have wide latitude in controlling discovery…. [The Ninth Circuit] decline[s] to limit the district court's ability to control its docket … even in the face of requested supplemental discovery that might have revealed highly probative evidence, when the plaintiff's prior discovery efforts were not diligent.") (internal quotation marks omitted).

### 2.  *Expert Discovery*

The expert disclosure deadline was November 30, 2022, and the expert discovery period closed on January 25, 2023. ECF No. 15. Plaintiffs have sufficiently presented information to the Court that they were diligent during the expert discovery period. ECF No. 28 at 4–6 (requesting updates about the case on October 19, November 9,

---

³ In the instant motion, Plaintiffs did not indicate what fact discovery they seek. Assuming Plaintiffs seek depositions of the ten Navy doctors who treated Mrs. Scheurer referenced in the original motion to reopen fact discovery (ECF No. 17), the Court notes that its denial of Plaintiffs' request does not foreclose them from obtaining the doctors' testimony at trial.

November 14, December 6, December 29, January 1, and January 20); *id.* (cooperating with counsel's requests for medical records and expert recommendations on October 31 and November 20).

The Court will next turn to whether any failures committed by their attorney during the expert discovery period are attributable to Plaintiffs. Plaintiffs argue that their attorney abandoned them, exhibiting gross negligence that warrants an extension of the expert discovery deadlines. ECF No. 28. Plaintiffs represent that they sent numerous emails to their attorney seeking an update about the case and received no response. *Id.* at 5–6. Defendants argue that Plaintiffs' attorney did not abandon Plaintiffs, evidenced by their communications on October 31, November 9, November 14, and November 20, 2022, and the fact that Plaintiffs' counsel retained three experts and forwarded those reports to Plaintiffs on February 1, 2023. ECF No. 30 at 6–7.

The Court agrees with Defendant that Plaintiffs were not fully abandoned by their attorney. *See, e.g.*, *Durben v. State Farm Gen. Ins. Co.*, No. 16cv754-MCE-EFB, 2020 WL 803852, at *2 (E.D. Cal. Feb. 18, 2020) (denying motion to modify scheduling order when attorney served discovery responses, defended depositions, and opposed summary judgment motion before being incarcerated, noting that "Plaintiffs' dissatisfaction with [their attorney]'s handling of the case is insufficient under Rule 16"). The Court also finds that Plaintiffs' attorney was not grossly negligent. Though he "became increasingly disorganized and unresponsive" (ECF No. 28 at 5), Plaintiffs' attorney did retain three experts and, although untimely, submitted their reports. ECF No. 30-1 at 3; *see Perez*, 2021 U.S. Dist. LEXIS 7691, at *2–*3 (finding gross negligence and granting extension of scheduling order when attorney "undertook no investigation" regarding her client's case and "allowed the deadline for [her client's] discovery responses [] to lapse without either responding or obtaining an extension"). Therefore, the Court does not find good cause to grant Plaintiffs' extension requests as written.

However, since Defendant is in possession of Plaintiffs' expert reports, the Court finds that minor modifications should be made to the scheduling order so that this case may

be decided on its merits. *See Pritchard v. Dow Agro Scis.*, 255 F.R.D. 164, 178–79 (W.D. Pa. 2009) ("taking into consideration that the purpose of the Federal Rules is to 'secure the just, speedy, and inexpensive determination of every action,'" and granting extension of expert deadlines after multiple delays when plaintiffs' counsel conceded that the case was beyond his current resources and expertise, so that the case could be decided on its merits). Therefore, the Court **GRANTS IN PART** Plaintiffs' request to extend the expert deadlines. The expert disclosure deadline is extended, *nunc pro tunc*, to February 6, 2023, so that the expert reports already submitted by Plaintiffs may be considered on the merits. Defendant's deadline to present rebuttal expert disclosures is extended to May 12, 2023. The expert discovery cutoff is extended to June 12, 2023.

### III. PLAINTIFFS' REQUEST TO AMEND PRETRIAL MOTION DEADLINES

Plaintiffs request that the Court continue their deadline to oppose Defendant's motion for summary judgment (ECF No. 26), as well as continue the deadline for Plaintiffs to file their own summary judgment motion. ECF No. 28 at 9. In light of the Court's decision above to slightly modify certain expert deadlines, the Court **GRANTS** Plaintiffs' request. The deadline for Plaintiffs to file their opposition to Defendant's current motion for summary judgment (ECF No. 26) is vacated. The deadline to file pretrial motions is extended to July 14, 2023.

### IV. CONCLUSION

For the reasons set forth above, Plaintiffs' motion (ECF No. 28) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. Plaintiffs' request to substitute themselves, *pro se*, in place of their attorneys of record is **GRANTED**.

2. Plaintiffs' request to amend the scheduling order is **GRANTED IN PART AND DENIED IN PART**.

3. Plaintiffs' request to continue the pretrial motion deadlines is **GRANTED**.

//

4. In light of the extensions granted above, the Court issues the following **Amended Scheduling Order**:

    A. All expert disclosures required by Federal Rule of Civil Procedure 26(a)(2) shall be served on all parties on or before **February 6, 2023**. Any contradictory or rebuttal information shall be disclosed on or before **May 12, 2023**. In addition, Federal Rule of Civil Procedure 26(e) imposes a duty on the parties to supplement the expert disclosures made pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) by the time that pretrial disclosures are due under Federal Rule of Civil Procedure 26(a)(3) (discussed below). This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony. **Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Federal Rule of Civil Procedure 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

    B. All expert discovery shall be completed by all parties on or before **June 12, 2023**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery.

    C. All pretrial motions, which includes *Daubert* motions but excludes motions in limine, shall be filed on or before **July 14, 2023**. Counsel for the moving party shall set the motion hearing date 35 days from the date the motion is filed. Parties intending to file a motion shall *not* contact Judge Lopez's chambers for a motion hearing date. The parties should review Judge Lopez's Chambers Rules for Civil Cases for the additional requirements for noticed motions before Judge Lopez. Pursuant to Civil Local Rule 7.1.f.3.c, **if an opposing party fails to file opposition papers in the time and manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the Court.** Accordingly, all parties are ordered to abide by the terms of Civil Local Rule 7.1.e.2 or face the prospect of any

//

pretrial motion being granted as an unopposed motion pursuant to Civil Local Rule 7.1.f.3.c.

D. A Mandatory Settlement Conference shall be conducted on **September 13, 2023**[4] at **9:30 a.m.** before **Magistrate Judge Allison H. Goddard** via videoconference. *See* ECF No. 25. Plaintiff must serve on Defendant a **written** settlement proposal, which must include a specific demand amount, no later than **August 23, 2023**. The defendant must respond to the plaintiff **in writing** with a specific offer amount prior to the Meet and Confer discussion. The parties should not file or otherwise copy the Court on these exchanges. Rather, the parties must include their written settlement proposals in their respective Settlement Conference Statements to the Court. Counsel for the parties must meet and confer in person, via videoconference, or by phone no later than **August 30, 2023**. Each party must prepare a Settlement Conference Statement, which will be served on opposing counsel and lodged with the Court no later than **September 6, 2023**. The Statement must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). The substance of the Settlement Conference Statement must comply fully with the Judge Goddard's Mandatory Settlement Conference Rules (located on the court website at https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Mandatory%20Settlement%20Conference%20Rules.pdf). Each party may also prepare an **optional** Confidential Settlement Letter for the Court's review only, to be lodged with the Court no later than **September 6, 2023**. The Letter must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). Should a party choose to prepare a Letter, the substance of the Settlement Conference Letter must comply fully with the Judge Goddard's Mandatory Settlement Conference Rules. No later than **September 6, 2023**,

---

[4] On April 6, 2023, the parties filed a Joint Motion to continue the April 21, 2023, Mandatory Settlement Conference. ECF No. 32. Since the Court has already rescheduled the conference, the joint motion is **DENIED AS MOOT**.

each party must submit to the Court via email (not filed) (at efile_goddard@casd.uscourts.gov) the names, titles, and email addresses of all attendees. *See* ECF No. 25. The Court will then send out the Zoom invitation to all attendees. The parties are reminded that party representatives with full settlement authority are required to attend the videoconference. **All parties are ordered to read and to fully comply with the Chambers Rules and Mandatory Settlement Conference Rules of Magistrate Judge Allison H. Goddard.**

E. For bench trials before Judge Lopez, counsel shall file their Memoranda of Contentions of Fact and Law pursuant to Civil Local Rule 16.1(f) and take any other action required by Civil Local Rule 16.1(f) on or before **October 19, 2023**. In jury trials before Judge Lopez, neither party is required to file Memoranda of Contentions of Fact and Law pursuant to Civil Local Rule 16.1(f).

F. Both parties shall comply with the pretrial disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) on or before **October 12, 2023**. **Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Federal Rule of Civil Procedure 37.**

G. Counsel and parties proceeding *pro se* shall meet and take the action required by Civil Local Rule 16.1(f)(4) on or before **October 19, 2023**. The parties shall meet and confer and prepare a proposed pretrial order containing the following:

    a. A joint neutral statement to be read to the jury, not in excess of one page, of the nature of the case and the claims and defenses.

    b. A list of the causes of action to be tried, referenced to the complaint (and counterclaim if applicable). For each cause of action, the order shall succinctly list the elements of the claim, damages/remedies, and any defenses. A cause of action in the complaint (and/or counterclaim) which is not listed shall be dismissed with prejudice.

c(1). A list of each witness counsel actually expect to call at trial with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

c(2). A list of each expert witness counsel actually expect to call at trial with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

c(3). A list of additional witnesses, including experts, counsel do not expect to call at this time but reserve the right to call at trial along with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

d(1). A list of all exhibits that counsel actually expect to offer at trial with a one-sentence description of the exhibit. Plaintiff's exhibits must be identified numerically, starting with "1," and Defendant's alphabetically, starting with A to Z, then AA to AZ, then BA to BZ, etc.

d(2). A list of all other exhibits that counsel do not expect to offer at this time but reserve the right to offer if necessary at trial with a one-sentence description of the exhibit.[5]

e. A statement of all facts to which the parties stipulate. This statement shall be on a separate page and will be read to and provided to the jury at the beginning of trial.

---

[5] When the proposed pretrial order is submitted to chambers, the Court prefers the trial exhibits to be jointly listed in a table format, including columns designated for exhibit numbers/letters, description of exhibits, whether there are objections to the exhibits, and grounds for objections. The joint table shall also include a column indicating whether the exhibits are likely to be used or may be used at trial, or alternatively, two separate joint tables shall be created with one for exhibits likely to be used and one for exhibits that may be used.

  f. A list of all deposition transcripts by page and line, or videotape depositions by section, that will be offered at trial.

  g. Whether the case will be tried by jury or by the Court without a jury.

  h. Estimated number of hours per side for trial.

  i. Counsel will note any objections they have to any other parties' Federal Rules of Civil Procedure 26(a)(3) pretrial disclosures.

  j. Counsel shall cooperate in the preparation of the proposed pretrial order. The Court encourages the parties to consult with the assigned magistrate judge to work out any problems in preparation of the proposed pretrial order. The Court will entertain any questions concerning the conduct of the trial at the pretrial conference.

 H. Plaintiff will be responsible for preparing the proposed pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). On or before **October 26, 2023**. Plaintiff must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with Plaintiff's counsel concerning any objections to form or content of the proposed pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the proposed pretrial order.

 I. The proposed pretrial order, including objections to any other party's Federal Rule of Civil Procedure 26(a)(3) pretrial disclosures, shall be lodged with the district judge's chambers on or before **November 2, 2023**, and shall be in the form prescribed in Civil Local Rule 16.1(f)(6) and this Order.

 J. The filing deadline and hearing date for motions in limine will be set at or after the final Pretrial Conference.

 K. The final Pretrial Conference is scheduled on the calendar of the **Honorable Linda Lopez** on **November 16, 2023** at **10:00 a.m.** in Courtroom 5D.

 L. A post-trial settlement conference before a magistrate judge may be

held within thirty days of verdict in the case.

      M.    Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five pages in length without leave of a district judge. No reply memorandum shall exceed ten pages without leave of a district judge. Briefs and memoranda exceeding ten pages in length shall have a table of contents and a table of authorities cited.

**IT IS SO ORDERED.**

Dated:  April 10, 2023

_____
Honorable Allison H. Goddard
United States Magistrate Judge